**Weldon McCLURE, Appellant,**

v.

**Sam ATTEBURY, Appellee.**

No. 07–99–0070–CV.

Court of Appeals of Texas, Amarillo.

Dec. 1, 1999.

Carr Hunt Wolfe & Joy LLP, Deborah S. McClure, Amarillo, for appellant.

Mullin Hoard & Brown LLP, David Mullin, Wolf Puckett, Amarillo, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

DON H. REAVIS, Justice.

Appellant Weldon McClure presents this appeal from a take-nothing summary judgment in favor of appellee, Sam Attebury. By three issues, McClure contends the trial court erred in (1) overruling his objections to Attebury's summary judgment proof; (2) in sustaining Attebury's objections to his summary judgment evidence; and (3) in granting the motion for summary judgment. Based upon the rationale expressed herein, we affirm.

McClure's claims against Attebury relate to McClure's ownership of approximately 53.63 acres of land out of Section 31, Block 9, B.S. & F. Survey, in Randall County, Texas, adjoining the right-of-way line of Interstate 27, in the City of Amarillo, which he acquired by deed dated March 17, 1972, executed by Caroline Bush Emeny, as Trustee.[1] As relevant here, the deed to McClure contained two provisions, to wit:

> 1. Grantee agrees that he will dedicate two roads, each sixty feet (60') in width, across Tract "B" hereinabove described, providing access from I–27 service road to the area Northwest of said tract "B". Both roads shall parallel the Northeasterly and Southwesterly boundaries of said Tract "B". The sites of these two roads shall be selected by Purchaser.

---

1. The deed, which is described by metes and bounds, covers three contiguous tracts labeled A, B, and C.

Said roads will be dedicated at such time as requested by Seller.

2. Grantee agrees at such time as requested by Seller to dedicate a roadway thirty feet (30') in width, paralleling and along the Northwesterly boundary line of Tracts "A", "B" and "C".

Except for a provision obligating the grantor to partially release the vendor's lien retained as McClure made payments from time to time and the general warranty provision, the deed did not contain any provision obligating the grantor or her successors or assigns to perform anything, nor to dedicate or construct any roads, drainage easements, or otherwise.

Then, by deed dated September 8, 1977, Caroline Bush Emeny, as Trustee, conveyed 368.28 acres also out of Section 31, Block 9, which adjoined the property conveyed to McClure, to Producers Grain Corporation.[2] Thereafter, on September 16, 1977, Producers Grain Corporation conveyed the 368.28 acre tract to Attebury Elevators, Inc. The deeds covering the 368.28 acre tract do not (1) make any mention or reference to the McClure deed covering the 53.63 acres, and do not (2) contain any provisions or references regarding roads, rights-of-way, drainage easements, or the like. Although the title and development history of the tracts is not thoroughly developed in the record, according to the pleadings, briefs, some summary judgment evidence, and events described in our opinion dated November 2, 1998, No. 07–98–0222–CV, styled Weldon McClure v. Attebury Elevators, Inc., a Texas Corporation, and Rockrose Development, Inc., a Texas Corporation,[3] the 368.28 acre tract has been platted and developed and is now known as Westover Park, an addition to the City of Amarillo. As property is developed by Attebury Elevators, it is conveyed to Rockrose Development. Attebury is or has been an officer, director, or agent of the corporations at relevant times. In connection with the development of Westover Park, the corporations requested that McClure dedicate roads in accordance with the McClure deed.

By his brief, McClure asserts he has always maintained that the common grantor (trustee) contracted through the McClure deed to create three sixty-foot roads to provide ingress and egress access to Interstate 27 for the benefit of the property retained by the common grantor and subsequently conveyed by the second deed. McClure further asserts that when the property was conveyed by the second deed, the provisions of the McClure deed followed the land imposing the same obligations on the grantees under the second deed "as those of the original landowner when she contracted with McClure for the deed provisions." The request resulted in a controversy which culminated in the lawsuit by Attebury Elevators, Inc. against McClure, referenced above, seeking specific performance and damages.

On March 25, 1998, McClure commenced the underlying action against Attebury, individually, alleging the corporations had breached "the contract contained in the [McClure deed]" by (1) failing to perform the obligations requiring the completion of a road along the northwest boundary of the McClure property; (2) asserting rights to drainage of storm water across the McClure property beyond any deed provision; (3) failing to complete two roads connecting with Interstate 27 in accordance with the provisions of the deed; and (4) not tendering or offering to tender performance of their obligations in accordance with the provisions of the deed. Then, McClure alleged Attebury had (1)

---

2. When used below, we will refer to the deed dated March 17, 1972, as the "McClure deed" and the deed dated September 8, 1977, as the "second deed."

3. The provisions in the McClure deed covering the 53.63 acres described therein were involved in this proceeding. Hereafter, Attebury Elevators, Inc. and Rockrose Development, Inc. will be referred to as the corporations.

tortiously interfered with (a) the McClure deed and (b) prospective contractual relations between McClure and potential purchasers and developers for his property; (2) intentionally induced the corporations to breach the provisions of the McClure deed; (3) wrongfully prevented the implementation of a storm water drainage plant which allowed storm water to trespass on his property; (4) conspired with the two corporations to effect a breach of contract; (5) engaged in a civil conspiracy with Rockrose Development; and (6) attempted a monopoly of the real estate market. In addition to a general denial, Attebury responded with affirmative defenses including statute of frauds, statute of limitations, privilege, waiver, estoppel, laches, and McClure's failure to mitigate his damages.

On October 28, 1998, Attebury filed, by one document, a traditional and a no-evidence motion for summary judgment under Rule 166a(b) and (i) of the Texas Rules of Civil Procedure.[4] The motion first outlined McClure's claims, to wit: (1) McClure claims the corporations were contractually obligated to build three roads on McClure's land and that Attebury tortiously interfered with the alleged contract or other undefined "prospective contractual relations" of McClure; (2) Attebury entered into a civil conspiracy with the corporations to breach the alleged contract and harm McClure's business interests;and (3) Attebury attempted to monopolize the real estate market. Then, as grounds[5] for his motion, Attebury alleged:

▶ *Tortious Interference Claim.* (1) the corporations did not breach any contract with McClure; (2) as a corporate officer, director or agent of the two corporations, Attebury could not as a matter of law tortiously interfere with a contract with those corporations;

(3) there is *no evidence* that Attebury unlawfully interfered with any contract or business relations of McClure; and (4) the claims are barred by the two year statute of limitations.

▶ *Civil Conspiracy to Breach a Contract.* (1) the corporations did not breach any contract with McClure; (2) as an agent or employee of the corporations, Attebury could not as a matter of law enter into a civil conspiracy with those corporations; (3) there is *no evidence* that Attebury agreed to commit or committed any unlawful acts; and (4) the claims are barred by the two year statute of limitations.

▶ *Attempted Monopoly Claim.* (1) there is *no evidence* that Attebury had the power to control real estate prices and exclude competition in the real estate market, and (2) there is *no evidence* that Attebury willfully acquired or maintained monopoly power in the real estate market.

Summary judgment evidence submitted in support of Attebury's motion included his affidavit, copies of relevant deeds, portions of McClure's deposition taken on August 9, 1997, from the prior suit by the corporations against McClure, an engineer's affidavit regarding drainage of storm water from Westover Park, and portions of interrogatories from the prior action.

By his response, filed on December 4, 1998, McClure (1) objected to Attebury's affidavit; (2) alleged material questions of fact existed; (3) asserted the no-evidence motion should not be considered because McClure's suit against Attebury was "only recently filed" and discovery had not yet

4. All references to Rule 166a are to the Texas Rules of Civil Procedure.

5. Consistent with Rule 166a, we use the term "grounds" to refer to the reasons entitling the movant to summary judgment. Likewise, we use the term "issues" to refer to the reasons the non-movant contends defeat the movant's entitlement to summary judgment. *See McConnell v. Southside School Dist.,* 858 S.W.2d 337, 339 n. 2 (Tex.1993).

been accomplished, and (4) in the alternative McClure "would seek a continuance" to conduct discovery. McClure also responded to the affirmative defenses of statute of frauds and statute of limitations. McClure's summary judgment evidence included a timetable, together with a portion of Attebury's deposition taken on April 4, 1997 in the prior action a plat of Westover Park, and some correspondence. Attebury replied by his objection and motion to strike summary judgment evidence attached to McClure's response. After a hearing on the motion for summary judgment held on December 11, 1998, the trial court signed its order on December 23, 1998, granting Attebury's motion for summary judgment that McClure take nothing by his action, sustaining Attenbury's objection and motion to strike McClure's evidence, overruling McClure's objection to Attebury's summary judgment evidence and objection of inadequate time for discovery, and denying all relief not granted therein. Before considering McClure's issues, we first set forth the standards of review for a traditional and a no-evidence summary judgment.

## Traditional Summary Judgment Standard of Review

■ In reviewing a summary judgment, this Court must apply the standards established in *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985). A motion for summary judgment must state the specific grounds therefor. Tex.R. Civ. P. 166a(c). For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. *Id.* A movant must either prove all essential elements of his claim, *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986), or negate at least one essential element of the non-movant's cause of action. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). Once the movant has established a right to summary judgment,

the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Barbouti v. Hearst Corp.*, 927 S.W.2d 37, 64 (Tex.App.—Houston [1st Dist.] 1996, writ denied).

## No–Evidence Summary Judgment Standard of Review

■ Where, as here, the summary judgment does not specify or state the grounds relied on, it will be affirmed on appeal if any of the grounds presented in the motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989); *Insurance Co. of N. Am. v. Security Ins.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ). Where a motion is presented under Rule 166a(i) asserting there is no evidence of one or more essential elements of the non-movant's claims upon which the non-movant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense as under subparagraph (a) or (b). Rather, although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. *See* Tex.R. Civ. P. 166a, Notes and Comments; *Roth v. FFP Operating Partners*, 994 S.W.2d 190, 195 (Tex.App.—Amarillo 1999, no writ).

■ Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex.App.—Austin 1998, no pet.). Thus, our task as an appellate court is to ascertain whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.* We consider all the evidence in the light most

favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharmaceuticals v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is properly granted if the non-movant fails to present more than a scintilla of probative evidence to raise a genuine issue of material fact on which the non-movant would have the burden of proof at trial. *Fiesta Mart, Inc.*, 979 S.W.2d at 70–71. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fairminded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

By his first issue, McClure contends the trial court erred in overruling his objections to Attebury's summary judgment evidence and by his second issue, contends the trial court erred in sustaining Attebury's objection to his summary judgment evidence. By his third global issue,[6] McClure asserts the trial court erred in granting the motion for summary judgment under Rule 166a(i) arguing the no-evidence motion for summary judgment was not filed *after adequate time for discovery* had passed. Because our analysis of McClure's third issue is dispositive of this appeal, we will consider it first.

■ Before addressing McClure's "adequate time for discovery" contention, we note that among other things, the judgment signed December 23, 1998 recites that in addition to the pleadings, the motion and its accompanying evidence, the response, Attebury's objections and motion to strike evidence attached to McClure's response to Attebury's motion for sum-

mary judgment, the trial court also considered "the file in cause no. 42,199–B before this court." Because the appellate record does not contain all matters from the file in cause number 42,199–B,[7] it is impossible for us to determine whether the judgment was erroneous, and we presume the omitted matters established its propriety. *See Alexander v. Bank of American National Trust and Savings Association*, 401 S.W.2d 688, 689 (Tex.Civ.App.—Waco 1966, writ ref'd). Further, error of the trial court in considering the matters in cause number 42,199–B is not asserted by issue, argument, or otherwise in challenging the summary judgment. *Abraham Investment Co. v. Payne Ranch, Inc.*, 968 S.W.2d 518, 528 (Tex.App.—Amarillo 1998, pet. denied).

Moreover, when Attebury filed his motion for summary judgment, McClure's contention that "adequate time for discovery" had not passed was unaddressed by any Texas appellate court, and to date, we are unaware of any Texas case, and none has been cited by McClure addressing the issue after the adoption of Rule 166a(i). Instead, McClure relies on *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir.1987), and other federal case law. Although Rule 166a is somewhat similar to Rule 56 of the Federal Rules of Civil Procedure, there are significant differences in the two. For example, under Texas practice, Rule 166a(c) requires 21 days notice to the non-movant before the time specified for hearing, while Rule 56 requires only 10 days notice. Despite their commonalities, Rule 56 does not contain a counterpart to Rule 166a(i), and particularly, the phrase "after adequate time for discovery," is a material distinction. We conclude that *Fano* provides no guidance here because the summary judgment motion in *Fano* was filed "shortly after" the Immigration and Naturalization Service filed its answer to the

---

6. *See Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970).

7. The appellate record does include deposition excerpts of McClure and Attebury taken in cause number 42,199–B.

complaint and neither party had conducted discovery, whereas Attebury filed his motion seven months after suit was filed. Further, because Rule 56 does not contain the phrase "after adequate time for discovery," the *Fano* court did not construe it.

By his response, McClure asserted that a no-evidence summary judgment motion was improper under these circumstances, because "... the lawsuit against Sam Attebury individually was only recently filed, and discovery has not yet been accomplished by either side." McClure then continued, "[b]ecause ample time for such discovery has not passed, these facts do not stand as undisputed, and cannot serve as the basis for summary judgment. In the alternative, McClure would seek a continuance in order to garner the appropriate evidence to present the claims referenced." Although McClure asserts the lawsuit had been "only recently filed," we do not consider it so where suit was filed seven months before the filing of the motion. Moreover, McClure did not offer an affidavit stating reasons why he could not present by affidavit facts essential to justify his opposition, or otherwise request time to conduct discovery. *See* Tex.R. Civ. P. 166a(g).

▉ All courts have inherent power to grant or deny a continuance. *Bray v. Miller*, 397 S.W.2d 103, 105 (Tex.Civ. App.—Dallas 1965, no writ). Further, Rule 166a(g) expressly authorizes the trial court to grant a continuance so that discovery can be conducted. The trial court has broad discretion in setting reasonable deadlines in summary judgment proceedings. *Mason v. Mid–Continent Supply Company*, 374 S.W.2d 922, 927 (Tex.Civ. App.—Ft. Worth 1964, writ ref'd n.r.e.). In *Watson v. Godwin*, 425 S.W.2d 424, 430 (Tex.Civ.App.—Amarillo 1968, writ ref'd n.r.e.), we affirmed a summary judgment holding the trial court did not abuse its discretion in denying a motion for continuance and holding that depositions of the

parties from prior litigation could be considered as summary judgment evidence. *Id.* at 429.

Whether a non-movant has had adequate time for discovery for purposes of Rule 166a(i) is "case specific." While some lawsuits which present only questions of law may require no or minimal discovery, other actions may require extensive discovery. Indeed, the discovery rules which became effective January 1, 1999, establish three different case levels and time limitations for discovery. *See* Tex.R. Civ. P. 190. Where, as here, the threshold question is the construction of a deed which, in the absence of an allegation of fraud, accident, or mistake is a question of law, or to which the parol evidence rule would preclude the admission of extraneous evidence, discovery requirements would be minimal. *Gold Kist, Inc. v. Carr*, 886 S.W.2d 425, 429 (Tex.App.—Eastland 1994, writ denied); *Southwest Airlines Co. v. Jaeger*, 867 S.W.2d 824, 829 (Tex.App.—El Paso 1993, writ denied). Additionally, a no-evidence motion based on the statute of frauds, negates the need for any discovery, unless the non-movant is asserting fraud, accident, mistake, or some other exception.

▉ We conclude the rule announced in *Tenneco Inc. v. Enterprise Products Co.*, 925 S.W.2d 640, 647 (Tex.1996), issued only one year before the adoption of rule 166a(i), provides better guidance for our decision. Although *Tenneco* involved a traditional motion for summary judgment, the court utilized the phrase "adequate opportunity for discovery." [8] In *Tenneco*, the court held that when a non-movant contends it has not had an adequate opportunity for discovery, before a summary judgment hearing "it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Id.* Because the trial court has broad powers in discovery matters, *Mason*, 374 S.W.2d at 927, the notes and comments to rule 166a regarding the addi-

8. Rule 166a(i) contains the word "time" instead of "opportunity."

**730**

tion of subparagraph (i) provide that "[t]he existing rules continue to govern the general requirements of summary judgment practice," and following *Tenneco*, we likewise apply an abuse of discretion standard in reviewing the trial court's order overruling McClure's objection based on inadequate time for discovery.

We should reverse a trial court's decision to deny only upon a showing of abuse of discretion. *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex.1987). McClure had the burden of presenting a sufficient record to show error affirmatively establishing the trial court acted arbitrary and unreasonable. *Id.* at 795; *Nautical Landings Marina. v. First Nat.*, 791 S.W.2d 293, 297 (Tex.App.—Corpus Christi 1990, writ denied). The record shows (1) McClure filed suit on March, 25, 1998; (2) Attebury filed his motion for summary judgment on October 28, 1998; (3) McClure filed his response on December 4, 1998; and (4) the motion was heard on December 11, 1998. This afforded McClure 24 weekdays, excluding holidays, to conduct discovery prior to December 4. However, the record does not show that McClure initiated any discovery between the time the motion was filed and the time he filed his response. Further, the record establishes that deposition excerpts of McClure and Attebury taken in the prior action were submitted as summary judgment evidence by both parties. However, the record before us does not include other matters from the file in the prior action. Considering these matters and the threshold question regarding the. existence of the alleged contract, we cannot say the trial court abused its discretion in overruling McClure's objection that he had not had adequate time for discovery.

McClure acknowledges that if adequate time for discovery has passed under Rule 166a(i), in order to defeat a no-evidence motion, the non-movant need only point out evidence which raises a fact issue on the challenged elements as specifically identified by the movant. To prevail on his claims of tortious interference and civil conspiracy to breach a contract, McClure had to establish that the McClure deed created the contractual duty according to McClure's version, which became binding on the corporations under the second deed; however, McClure fails to identify what evidence he presented to show such a contract. After examining the McClure deed, we do not find that the trustee agreed or promised to perform any agreement as alleged by McClure. Moreover, because the second deed does not contain any agreement by either corporation to provide a 30–foot road easement or perform any act as alleged by McClure, any agreement between the trustee and McClure would not be enforceable as to either corporation. *See generally International & G.N. Ry. Co. v. Concrete Inv. Co.*, 263 S.W. 265, 269 (Tex.Comm'n App.1924, opinion adopted); *Pollock v. Lowry*, 345 S.W.2d 587, 591 (Tex.Civ.App.—San Antonio 1961, writ ref'd n.r.e.), holding an alleged agreement to create an easement in land must be in writing and signed by the party to be charged therewith; *see also* Tex. Bus. & Com.Code Ann. § 26.01 (Vernon 1987).

Although McClure's third issue is sufficient to encompass McClure's claim of monopoly, because it was not argued, we cannot consider it. *San Jacinto River Authority v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990); *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 959 (Tex.App.—Corpus Christi 1998, no writ). Moreover, having considered all of McClure's summary judgment evidence in support of his response to the motion, we find that McClure did not offer more than a scintilla of evidence to create a fact question that Attebury attempted to create a monopoly or did in fact monopolize the real estate market. For these reasons, issue three is overruled.

By his first issue, McClure asserts the trial court erred in overruling his objections to Attebury's summary judg-

ment proof, and by his second issue, contends the trial court erred in sustaining Attebury's objections to his evidence. Reviewing these contentions together, and recalling that we presume the contents of the file in cause number 42,199–B, which are not before us, support the judgment, we disagree for the following reasons. Under Rule 44.1(a) of the Texas Rules of Appellate Procedure, before we may reverse for error, we must conclude the error complained of probably caused the rendition of an improper judgment, or probably prevented the appellant from properly presenting his case on appeal. *Texas Dept. of Transp. v. Abilez*, 962 S.W.2d 246, 253 (Tex.App.—Waco 1998, no pet.). Attebury objected to McClure's use of Attebury's prior deposition as summary judgment evidence because it was not properly authenticated or certified. In this regard, because the prior deposition was proper summary judgment evidence, *McConathy v. McConathy*, 869 S.W.2d 341, 342 (Tex.1994), the trial court erred in striking it; however, as previously noted, we have considered all summary judgment evidence. Also, because we have overruled issue three, error, if any, by the trial court in sustaining Attebury's objection to McClure's evidence and in overruling McClure's objections to Attebury's evidence is harmless. A movant in a no-evidence motion is not required to support his motion with evidence. Thus, Attebury's summary judgment evidence was surplusage. Moreover, even considering all of McClure's evidence in response, we find it did not raise more than a scintilla of evidence to defeat Attebury's no-evidence motion. Issues one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.