BRADBURN V. SAWKO

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-192-CV

ESTATE OF GEORGE BRADBURN APPELLANT

V.

GREGORY SAWKO APPELLEE

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant the Estate of George Bradburn
(footnote: 2) appeals a no-evidence summary judgment in favor of Gregory Sawko.  
See
 Tex. R. Civ. P. 
166a(i).  In one general point, Appellant asserts that the trial court erred by granting the summary judgment because there were issues of material fact concerning Appellant’s allegations of legal malpractice.  We affirm.

In November 1993, Robert and Erin Swenson sued George Bradburn for a dispute involving a real estate contract between the parties.  Gregory Sawko provided legal services to Bradburn in relation to the lawsuit.  On April 6, 2000, Bradburn brought a third-party action against his previous attorney, Appellee Gregory Sawko, alleging as follows:

GREGORY SAWKO is liable to GEORGE BRADBURN for contribution and or indemnity for any and all sums Bradburn may be compelled to pay to Plaintiffs as a result of the occurrence made the basis of Plaintiff[’]s suit.  In this connection, third-party Plaintiff, GEORGE BRADBURN, will show that GREGORY SAWKO failed to properly advise GEORGE BRADBURN; and, that GREGORY SAWKO’S Notice Letters failed to comply with the Texas Real Property Code and has subjected his client, GEORGE BRADBURN, to a potential loss.

In short, Third-Party Defendant GREGORY SAWKO acted with negligence in his capacity as GEORGE BRADBURN’S attorney. 

On March 28, 2002, Sawko filed a no-evidence motion for summary judgment.  
See
 
Tex. R. Civ. P
. 166a(i).  Bradburn filed a response on April 12, 2002, and he attached affidavits and exhibits consisting of:  (1) his current attorney’s affidavit in support of requested attorney’s fees related to the summary judgment proceedings; (2) a business records affidavit pertaining to services rendered by his current attorney in connection with the summary judgment; and (3) Bradburn’s second amended original answer and counterclaim with attached exhibits.  The exhibits attached to Bradburn’s answer and counterclaim, in turn, consisted of:  (1) a contract for deed executed by Bradburn and Erin Swenson; (2) a letter dated September 10, 1992, from Bradburn to the Swensons regarding late payments due under the contract; (3) three letters from Sawko to the Swensons informing them that Sawko represented Bradburn and notifying them that they were late in making payments under the contract; (4) a letter dated March 12, 1992, from Sawko to the Swensons serving as a notice of eviction for non-payment of rent due; (5) a letter dated April 6, 1993, from Sawko to the Swensons concerning the refinancing of the note pursuant to the contract for deed; (6) a letter dated July 2, 1993 signed by Sawko, Bradburn, and the Swensons concerning agreed upon amendments to the contract for deed; (7) a complaint for forcible detainer; and (8) a judgment and order concerning the forcible detainer.  Appellant also attached the attorney-client contract between himself and his current attorney’s firm, along with the attorney’s fee listing.  The trial court granted Sawko’s motion on April 26, 2002, and the order was made final after the trial court severed the cause against Sawko. 

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P.
 166a(i); 
see
 
Benitz v. Gould Group
, 27 S.W.3d 109, 112 Tex. App.—San Antonio 2000, no pet.) (“The purpose of a no-evidence summary judgment motion is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.”)
.  The motion must specifically state the elements for which there is no evidence.  
Tex. R. Civ. P.
 166a(i); 
Johnson v. Brewer & Pritchard, P.C
., 73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) cmt.; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered.  
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

Because an action against an attorney for malpractice is a claim based upon negligence, Appellant must allege and prove:  (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney;  (2) a negligent act or omission resulting in a breach of that duty; (3) proximate cause that establishes that, but for the attorney’s negligence, Bradburn’s estate would not have suffered an injury; and (4) damages.  
Peeler v. Hughes & Luce
, 909 S.W.2d 494, 496 (Tex. 1995); 
Cosgrove v. Grimes
, 774 S.W.2d 662, 665 (Tex. 1989); 
Cuyler v. Minns
, 60 S.W.3d 209, 215 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. denied)
.

Appellant first complains that the no-evidence motion for summary judgment was “defective” in failing to provide any procedural background or a discussion of the evidence upon which Sawko intended to rely and because there was no documentary evidence attached to the motion.  Appellant’s complaints misunderstand the device of a no-evidence motion for summary judgment, which is designed to isolate and dispose of claims or defenses not supported by any evidence.  
See
 
Tex. R. Civ. P
. 166a(i) cmt.  A no-evidence motion for summary judgment does not require supporting evidence.  
McClure v. Attebury
, 20 S.W.3d 722, 727 (Tex. App.—Amarillo 1999, no pet.).  Such a motion must only state that there is no evidence to support one or more specific elements of a claim or defense on which the nonmovant will have the burden of proof at trial.  
Tex. R. Civ. P
. 166a(i)
; 
Espalin v. Children's Med. Ctr. of Dallas
, 27 S.W.3d 675, 682-83 (Tex. App.—Dallas 2000, no pet.).  In his motion for summary judgment, Appellee specifically stated that adequate time for discovery had passed and that there was no evidence that:  (1) Sawko owed a legal duty to Bradburn; (2) Sawko breached that duty; (3) Sawko’s breach of that duty proximately caused Bradburn’s damages; and (4) Sawko failed to exercise the degree of care, skill, and competence that a reasonable, competent attorney would exercise under the circumstances.  

Bradburn attempts to create a fact issue by directing us to the following statement in Sawko’s motion:  “For the purposes of this Motion only, Sawko accepts as true all of the factual allegations contained in Bradburn’s Cross-Action as to Sawko.”  Citing no authority, Bradburn asks us to consider this statement as a judicial confession of Sawko’s negligence.  We do not interpret this statement as a judicial confession because Sawko clearly stated that he accepted Bradburn’s “factual allegations” only for purposes of the motion.  
See
 
Tex. R. Civ. 
P. 166a(i).

Looking at Bradburn’s proffered summary judgment evidence, we agree with Sawko that the attached pleadings are not proper summary judgment evidence, and we do not consider them as such.  
See Laidlaw Waste Sys., Inc. v. City of Wilmer
, 904 S.W.2d 656, 660 (Tex. 1995) (“Generally, pleadings are not competent evidence, even if sworn or verified.”).  Additionally, assuming that the copies of documents attached to the pleadings may be considered in the absence of an objection by Appellee in the trial court, Appellant has not pointed out, either in his response or in his brief, how the documents establish a fact issue as to any element of his claim for malpractice.  After reviewing the record, we hold that Appellant’s summary judgment proof is insufficient to raise a fact issue regarding his legal malpractice claim and to defeat Appellee’s entitlement to his no-evidence summary judgment.  
See
 
Tex. R. Civ. P.
 166a(i); 
S.W. Elec. Power Co., 
73 S.W.3d at 215.
  We overrule Appellant’s sole point.

We now turn to the counter-point raised by Appellee, in which he urges this court to impose sanctions against Appellant for bringing a frivolous appeal.  
See 
Tex. R. App. P
. 45.  Rule 45 of the rules of appellate procedure provides that if a court of appeals determines an appeal is frivolous, it may award each prevailing party just damages.  
Id
.  The imposition of damages for frivolous appeals is a matter of discretion with the reviewing court.
  See Casteel-Diebolt v. Diebolt
, 912 S.W.2d 302, 306 (Tex. App.—Houston [14
th
 Dist.] 1995, no writ).  Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious. 
See Chapman v. Hootman
, 999 S.W.2d 118, 125 (Tex. App.—Houston [14
th
 Dist.] 1999, no pet.);
 City of Houston v. Crabb
, 905 S.W.2d 669, 676 (Tex. App.—Houston [14
th
 Dist.] 1995, no writ).  Having found no such circumstances, we deny Appellee’s request for appellate sanctions.

We affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  June 12, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Bradburn died on February 2, 2002.