COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-192-CV
 
ESTATE OF GEORGE BRADBURN                                                     APPELLANT
V.
GREGORY SAWKO                                                              
        
APPELLEE
------------
FROM THE 393RD DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION
(1)
------------
       
Appellant the Estate of George Bradburn(2)
appeals a no-evidence summary judgment in favor of Gregory Sawko. See
Tex. R. Civ. P. 166a(i). In one general point, Appellant asserts that the trial
court erred by granting the summary judgment because there were issues of
material fact concerning Appellant's allegations of legal malpractice. We
affirm.
       
In November 1993, Robert and Erin Swenson sued George Bradburn for a dispute
involving a real estate contract between the parties. Gregory Sawko provided
legal services to Bradburn in relation to the lawsuit. On April 6, 2000,
Bradburn brought a third-party action against his previous attorney, Appellee
Gregory Sawko, alleging as follows:

        
 GREGORY SAWKO is liable to GEORGE BRADBURN for contribution and or indemnity
 for any and all sums Bradburn may be compelled to pay to Plaintiffs as a
 result of the occurrence made the basis of Plaintiff[']s suit. In this
 connection, third-party Plaintiff, GEORGE BRADBURN, will show that GREGORY
 SAWKO failed to properly advise GEORGE BRADBURN; and, that GREGORY SAWKO'S
 Notice Letters failed to comply with the Texas Real Property Code and has
 subjected his client, GEORGE BRADBURN, to a potential loss.
        
 In short, Third-Party Defendant GREGORY SAWKO acted with negligence in his
 capacity as GEORGE BRADBURN'S attorney.
 

       
On March 28, 2002, Sawko filed a no-evidence motion for summary judgment. See
Tex. R. Civ. P. 166a(i). Bradburn filed a response on April 12, 2002, and he
attached affidavits and exhibits consisting of: (1) his current attorney's
affidavit in support of requested attorney's fees related to the summary
judgment proceedings; (2) a business records affidavit pertaining to services
rendered by his current attorney in connection with the summary judgment; and
(3) Bradburn's second amended original answer and counterclaim with attached
exhibits. The exhibits attached to Bradburn's answer and counterclaim, in turn,
consisted of: (1) a contract for deed executed by Bradburn and Erin Swenson; (2)
a letter dated September 10, 1992, from Bradburn to the Swensons regarding late
payments due under the contract; (3) three letters from Sawko to the Swensons
informing them that Sawko represented Bradburn and notifying them that they were
late in making payments under the contract; (4) a letter dated March 12, 1992,
from Sawko to the Swensons serving as a notice of eviction for non-payment of
rent due; (5) a letter dated April 6, 1993, from Sawko to the Swensons
concerning the refinancing of the note pursuant to the contract for deed; (6) a
letter dated July 2, 1993 signed by Sawko, Bradburn, and the Swensons concerning
agreed upon amendments to the contract for deed; (7) a complaint for forcible
detainer; and (8) a judgment and order concerning the forcible detainer.
Appellant also attached the attorney-client contract between himself and his
current attorney's firm, along with the attorney's fee listing. The trial court
granted Sawko's motion on April 26, 2002, and the order was made final after the
trial court severed the cause against Sawko.
       
After an adequate time for discovery, the party without the burden of proof may,
without presenting evidence, move for summary judgment on the ground that there
is no evidence to support an essential element of the nonmovant's claim or
defense. Tex. R. Civ. P. 166a(i); see Benitz v. Gould Group,
27 S.W.3d 109, 112 Tex. App.--San Antonio 2000, no pet.) ("The purpose of a
no-evidence summary judgment motion is to pierce the pleadings and to assess the
proof in order to see whether there is a genuine need for trial."). The
motion must specifically state the elements for which there is no evidence. Tex.
R. Civ. P. 166a(i); Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 207 (Tex. 2002). The trial court must grant the motion unless the nonmovant
produces summary judgment evidence that raises a genuine issue of material fact.
See Tex. R. Civ. P. 166a(i) cmt.; S.W. Elec. Power Co. v. Grant, 73
S.W.3d 211, 215 (Tex. 2002).
       
We review the evidence in the light most favorable to the party against whom the
no-evidence summary judgment was rendered. Johnson, 73 S.W.3d at 197; Morgan
v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000). If the nonmovant brings forward
more than a scintilla of probative evidence that raises a genuine issue of
material fact, then a no-evidence summary judgment is not proper. Moore v. K
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied).
       
Because an action against an attorney for malpractice is a claim based upon
negligence, Appellant must allege and prove: (1) the existence of an
attorney-client relationship that establishes a duty on the part of the
attorney; (2) a negligent act or omission resulting in a breach of that duty;
(3) proximate cause that establishes that, but for the attorney's negligence,
Bradburn's estate would not have suffered an injury; and (4) damages. Peeler
v. Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995); Cosgrove v.
Grimes, 774 S.W.2d 662, 665 (Tex. 1989); Cuyler v. Minns, 60
S.W.3d 209, 215 (Tex. App.--Houston [14th Dist.] 2001, pet. denied).
       
Appellant first complains that the no-evidence motion for summary judgment was
"defective" in failing to provide any procedural background or a
discussion of the evidence upon which Sawko intended to rely and because there
was no documentary evidence attached to the motion. Appellant's complaints
misunderstand the device of a no-evidence motion for summary judgment, which is
designed to isolate and dispose of claims or defenses not supported by any
evidence. See Tex. R. Civ. P. 166a(i) cmt. A no-evidence motion for
summary judgment does not require supporting evidence. McClure v. Attebury,
20 S.W.3d 722, 727 (Tex. App.--Amarillo 1999, no pet.). Such a motion must only
state that there is no evidence to support one or more specific elements of a
claim or defense on which the nonmovant will have the burden of proof at trial.
Tex. R. Civ. P. 166a(i); Espalin v. Children's Med. Ctr. of Dallas, 27
S.W.3d 675, 682-83 (Tex. App.--Dallas 2000, no pet.). In his motion for summary
judgment, Appellee specifically stated that adequate time for discovery had
passed and that there was no evidence that: (1) Sawko owed a legal duty to
Bradburn; (2) Sawko breached that duty; (3) Sawko's breach of that duty
proximately caused Bradburn's damages; and (4) Sawko failed to exercise the
degree of care, skill, and competence that a reasonable, competent attorney
would exercise under the circumstances.
       
Bradburn attempts to create a fact issue by directing us to the following
statement in Sawko's motion: "For the purposes of this Motion only, Sawko
accepts as true all of the factual allegations contained in Bradburn's
Cross-Action as to Sawko." Citing no authority, Bradburn asks us to
consider this statement as a judicial confession of Sawko's negligence. We do
not interpret this statement as a judicial confession because Sawko clearly
stated that he accepted Bradburn's "factual allegations" only for
purposes of the motion. See Tex. R. Civ. P. 166a(i).
       
Looking at Bradburn's proffered summary judgment evidence, we agree with Sawko
that the attached pleadings are not proper summary judgment evidence, and we do
not consider them as such. See Laidlaw Waste Sys., Inc. v. City of Wilmer,
904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent
evidence, even if sworn or verified."). Additionally, assuming that the
copies of documents attached to the pleadings may be considered in the absence
of an objection by Appellee in the trial court, Appellant has not pointed out,
either in his response or in his brief, how the documents establish a fact issue
as to any element of his claim for malpractice. After reviewing the record, we
hold that Appellant's summary judgment proof is insufficient to raise a fact
issue regarding his legal malpractice claim and to defeat Appellee's entitlement
to his no-evidence summary judgment. See Tex. R. Civ. P. 166a(i); S.W.
Elec. Power Co., 73 S.W.3d at 215. We overrule Appellant's sole point.
       
We now turn to the counter-point raised by Appellee, in which he urges this
court to impose sanctions against Appellant for bringing a frivolous appeal. See
Tex. R. App. P. 45. Rule 45 of the rules of appellate procedure provides that if
a court of appeals determines an appeal is frivolous, it may award each
prevailing party just damages. Id. The imposition of damages for
frivolous appeals is a matter of discretion with the reviewing court. See
Casteel-Diebolt v. Diebolt, 912 S.W.2d 302, 306 (Tex. App.--Houston [14th
Dist.] 1995, no writ). Although imposing sanctions is within our discretion, we
will do so only in circumstances that are truly egregious. See Chapman v.
Hootman, 999 S.W.2d 118, 125 (Tex. App.--Houston [14th Dist.]
1999, no pet.); City of Houston v. Crabb, 905 S.W.2d 669, 676 (Tex.
App.--Houston [14th Dist.] 1995, no writ). Having found no such
circumstances, we deny Appellee's request for appellate sanctions.
       
We affirm the trial court's judgment.
 
                                                           ANNE
GARDNER
                                                           JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and WALKER,
JJ.
 
DELIVERED: June 12, 2003

1. See Tex. R. App. P. 47.4.
2. Bradburn died on February 2, 2002.