Wolfe v. Fairbanks Capital Corp.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-100-CV

PATRICIA WOLFE APPELLANT

V.

FAIRBANKS CAPITAL CORPORATION APPELLEE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Patricia Wolfe appeals from a take-nothing no-evidence summary judgment for Fairbanks Capital Corporation (“Fairbanks”) on her suit for damages and to enjoin Fairbanks from foreclosing on her property.  We will affirm.

In her first issue, Wolfe contends that the no-evidence summary judgment was premature because no discovery had been conducted in the case and an adequate time for discovery had not yet elapsed.

We review a trial court’s determination that there has been an adequate time for discovery on a case-by-case basis, under an abuse of discretion standard.
  Rest. Teams Int’l, Inc. v. MG Sec. Corp.
, 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.); 
McClure v. Attebury
, 20 S.W.3d 722, 729 (Tex. App.—Amarillo 1999, no pet.).  We consider factors such as (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery that had already taken place; and (7) whether the discovery deadlines in place were specific or vague.  
Martinez v. City of San Antonio
, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied).

Wolfe’s allegations against Fairbanks are fairly simple; she claims that Fairbanks misapplied payments that she made, resulting in her default and Fairbanks’s subsequent attempts to foreclose.  This case was pending for over eleven months before the summary judgment hearing, and Wolfe failed to initiate any discovery during that time.  Wolfe failed to respond to a production request from Fairbanks, even after the trial court signed an order compelling a response.  Under these circumstances, the trial court did not abuse its discretion by determining that an adequate time for discovery had passed.  
See Rest. Teams
, 95 S.W.3d at 339-42 (holding approximately eight months from filing of case to summary judgment hearing was adequate time where appellants initiated no discovery and failed to respond to discovery requests);
 McClure
, 20 S.W.3d at 729-30 (holding over eight months to summary judgment hearing was adequate time where appellant initiated no discovery).  We overrule Wolfe’s first issue.

In her second issue, Wolfe contends that the no-evidence summary judgment was improper because there was sufficient evidence on the record to raise a material fact issue on her claim that Fairbanks had misapplied or failed to apply her mortgage payments to her loan balance.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

Wolfe failed to respond to Fairbanks’s document production request, so the trial court barred her from presenting any evidence in response to Fairbanks’s summary judgment motion.  Wolfe does not complain about this ruling.  Instead, she argues that Fairbanks’s own documents raise a fact issue because they show that Fairbanks misapplied her mortgage payments by placing them in “suspension” rather than applying them “directly and entirely” to her loan balance.  Wolfe provides no record references or legal authority to support this argument.  It is therefore waived, and we will not consider it.  
See Fredonia State Bank v. Gen. Am. Life Ins. Co.,
 881 S.W.2d 279, 284 (Tex. 1994) (citing long-standing rule that point may be waived due to inadequate briefing).  We overrule Wolfe’s second issue.
(footnote: 2)
 Having disposed of all of Wolfe’s issues, we affirm the trial court’s judgment.  

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED: February 5, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
In light of this holding, we need not consider Wolfe’s complaint in her third issue that a traditional summary judgment for Fairbanks was improper.  
See
 
Tex. R. App. P.
 47.1 (providing that appellate court need only address issues necessary to disposition of appeal).