COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-100-CV
 

  
PATRICIA 
WOLFE                                                                  APPELLANT
 
V.
 
FAIRBANKS 
CAPITAL CORPORATION                                         APPELLEE
 
------------
 
FROM 
THE 362ND DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Patricia 
Wolfe appeals from a take-nothing no-evidence summary judgment for Fairbanks 
Capital Corporation (“Fairbanks”) on her suit for damages and to enjoin 
Fairbanks from foreclosing on her property. We will affirm.
        In 
her first issue, Wolfe contends that the no-evidence summary judgment was 
premature because no discovery had been conducted in the case and an adequate 
time for discovery had not yet elapsed.
        We 
review a trial court’s determination that there has been an adequate time for 
discovery on a case-by-case basis, under an abuse of discretion standard. Rest. 
Teams Int’l, Inc. v. MG Sec. Corp., 95 S.W.3d 336, 339 (Tex. App.—Dallas 
2002, no pet.); McClure v. Attebury, 20 S.W.3d 722, 729 (Tex. 
App.—Amarillo 1999, no pet.). We consider factors such as (1) the nature of 
the case; (2) the nature of evidence necessary to controvert the no-evidence 
motion; (3) the length of time the case was active; (4) the amount of time the 
no-evidence motion was on file; (5) whether the movant had requested stricter 
deadlines for discovery; (6) the amount of discovery that had already taken 
place; and (7) whether the discovery deadlines in place were specific or vague. Martinez 
v. City of San Antonio, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, 
pet. denied).
        Wolfe’s 
allegations against Fairbanks are fairly simple; she claims that Fairbanks 
misapplied payments that she made, resulting in her default and Fairbanks’s 
subsequent attempts to foreclose. This case was pending for over eleven months 
before the summary judgment hearing, and Wolfe failed to initiate any discovery 
during that time. Wolfe failed to respond to a production request from 
Fairbanks, even after the trial court signed an order compelling a response. 
Under these circumstances, the trial court did not abuse its discretion by 
determining that an adequate time for discovery had passed. See Rest. Teams, 
95 S.W.3d at 339-42 (holding approximately eight months from filing of case to 
summary judgment hearing was adequate time where appellants initiated no 
discovery and failed to respond to discovery requests); McClure, 20 
S.W.3d at 729-30 (holding over eight months to summary judgment hearing was 
adequate time where appellant initiated no discovery). We overrule Wolfe’s 
first issue.
        In 
her second issue, Wolfe contends that the no-evidence summary judgment was 
improper because there was sufficient evidence on the record to raise a material 
fact issue on her claim that Fairbanks had misapplied or failed to apply her 
mortgage payments to her loan balance. See Tex. R. Civ. P. 166a(i) & cmt; S.W. 
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).
        Wolfe 
failed to respond to Fairbanks’s document production request, so the trial 
court barred her from presenting any evidence in response to Fairbanks’s 
summary judgment motion. Wolfe does not complain about this ruling. Instead, she 
argues that Fairbanks’s own documents raise a fact issue because they show 
that Fairbanks misapplied her mortgage payments by placing them in 
“suspension” rather than applying them “directly and entirely” to her 
loan balance. Wolfe provides no record references or legal authority to support 
this argument. It is therefore waived, and we will not consider it. See 
Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 
1994) (citing long-standing rule that point may be waived due to inadequate 
briefing). We overrule Wolfe’s second issue.[2]
        Having 
disposed of all of Wolfe’s issues, we affirm the trial court’s judgment.


   
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE

  
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED: 
February 5, 2004
 


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
In light of this holding, we need not consider Wolfe’s complaint in her third 
issue that a traditional summary judgment for Fairbanks was improper. See 
Tex. R. App. P. 47.1 (providing 
that appellate court need only address issues necessary to disposition of 
appeal).