ACCEPTED
07-13-00391-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/29/2015 1:33:31 PM
Vivian Long, Clerk

## No. 07-13-00391-CV

IN THE COURT OF APPEALS
FOR THE SEVENTH APPELLATE DISTRICT
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
6/29/2015 1:33:31 PM
VIVIAN LONG
CLERK

TOWN OF DISH, WILLIAM SCISCOE, DENISE SCISCOE, ERIC DOW, ANGELA DOW, ROBERT DRAPER, MICHELLE DRAPER, JOHN HARRIS, KIMBERLY HARRIS, CHARLES PEGG, GERALDINE PEGG, CODY PETREE, ALICE RANDALL, JOHNNY REAMES, JEANETTE REAMES, MARGARET H. WAGNER, JANE WAGNER, TIM ZIMMERMAN, AND TRACY ZIMMERMAN
Appellants,

v.

ATMOS ENERGY CORPORATION, ENBRIDGE GATHERING (NORTH TEXAS) L.P., ENERGY TRANSFER FUEL, L.P., ENTERPRISE TEXAS PIPELINE LLC, AND TEXAS MIDSTREAM GAS SERVICES, L.L.C.
Appellees.

Appeal from the 96th District Court
Tarrant County, Texas
Trial Court Case No. 96-254364-11

APPELLEE ENTERPRISE TEXAS PIPELINE LLC'S
MOTION FOR REHEARING
_____

TO THE HONORABLE SEVENTH COURT OF APPEALS:

Appellee Enterprise Texas Pipeline LLC files this Motion for Rehearing.

1

# I. ISSUES FOR REHEARING

1) Did the Court err in holding that the Appellants preserved their issues on appeal as against Enterprise because the Appellants never addressed Enterprise's no-evidence grounds in the trial court?

2) Did the Court err in holding that the Appellants preserved their issues on appeal as against Enterprise because the Appellants never addressed Enterprise's no-evidence grounds in this Court?

# II. ARGUMENTS AND AUTHORITIES

## A. Enterprise Should Not Be "Lumped" In With Other Defendants/Appellees

During the entirety of this case, Appellants have attempted to "lump" Enterprise in with the other defendants/appellees regarding the operation of compressor stations. But the evidence in this case shows that Enterprise does not operate a compressor station; it operates a metering station. The only evidence in the record shows that Enterprise's metering station is a closed-in system that does not have emissions. Its metering station is also not even located at the same site as the compressor stations. Appellants offered no evidence that would contradict these facts, nor any evidence that the Enterprise metering station, in particular, is a contributor to the alleged nuisance or trespass. Moreover, Enterprise is

procedurally very different. Enterprise is the only defendant to allege no-evidence grounds on elements such as causation.

In reversing the trial court's correct summary judgment for Enterprise, this Court has erred in following the Appellants' lead in improperly "lumping" all of the defendants/appellees together. Each defendant/appellee is entitled to an independent review of the case, the briefing, and the evidence as against that defendant/appellee. This Court does not have to change its decision on the merits of the underlying issues to grant Enterprise a rehearing and affirm summary judgment for Enterprise. Enterprise's cross-issues are meritful, and this Court should affirm the trial court's judgment for Enterprise.

**B.      Court Should Affirm The Judgment For Enterprise Because The Appellants Did Not Address Enterprise's No-Evidence Grounds In The Trial Court**

In the trial court, Appellants failed to argue Enterprise's Rule 166a(i) motion or direct the trial court to evidence in support of the challenged elements of Appellants' causes of action. A non-movant must specify the evidence it is relying upon and direct the court's attention to that evidence. *See Estate of Bradburn v. Sawko*, No. 2-02-192-CV, 2003 Tex. App. LEXIS 5005 (Tex. App.—Fort Worth June 12, 2003, no pet.); *McClure v. Atteburry*, 20 S.W.3d 722 (Tex. App.— Amarillo 1999, no pet.). Enterprise properly challenged Appellants' claims for nuisance and trespass via no-evidence grounds (3 C.R. 539).

3

There are no portions of the Appellants' response that specifically addressed how any of the evidence presented by Appellants would tend to show that Enterprise engaged in any action or created any condition that correlates with the elements challenged by Enterprise's Rule 166a(i) motion (4 C.R. 858 – 1012). Therefore, Appellants waived any error regarding the trial court granting Enterprise's no-evidence motion for summary judgment, and this Court should affirm that judgment.

This Court stated in its opinion that Appellants attached evidence that created a fact question. First, it is not fair to the trial court to reverse its judgment based on evidence that the Appellees did not cite to the trial court. Second, the evidence does not show what this Court reported that it did. Enterprise respectfully seeks clarification on which specific portions of the record provides evidence of causation or damages *as it relates to Enterprise*. The only specific mention of Enterprise in the record is a reference in the Wolf Eagle report that in 2009 several metering stations were constructed, one of which is owned by Enterprise (4 C.R. 894). This was entirely insufficient to satisfy the elements of the plaintiffs' causes of action that Enterprise challenged. Moreover, the opinion refers to evidence that is not in the record. Specifically, in footnote 2 of the opinion, the Court states that Enterprise's metering station "has a mechanism for releasing gas into the air." Not only is this not in the record, it is not true. To the

4

contrary, the only evidence in the appellate record is Enterprise's affidavit, which shows that the Enterprise metering station does not include pressure-relief valves that relieve pressure by venting gas into the atmosphere (3 C.R. 549). It is a closed-in system.

Furthermore, Enterprise has affirmatively established through evidence that the Station's operations: do not include regular traffic from large trucks or tractor-trailers (3 C.R. 548); do not include odorized gas (3 C.R. 549); do not include pressure-relief valves that relieve pressure by venting gas into the atmosphere (3 C.R. 549); do not include diesel engines (3 C.R. 548); do not include sounds that are audible offsite as a part of its regular operations (3 C.R. 548-49); and involve sweet natural gas that does not contain the allegedly dangerous compounds about which Appellants complain (3 C.R. 570). Therefore, there is certainly no evidence in the record to support several elements of the Appellants' causes of action. In fact, the only evidence in the record contradicts those elements. Even if this Court chose to look at evidence never cited to the trial court regarding Enterprise, this Court should affirm the trial court's judgment for Enterprise.

**C.  Court Should Affirm The Judgment For Enterprise Because The Appellants Did Not Address Enterprise's No-Evidence Grounds In This Court**

This Court should affirm the trial court's grant of summary judgment for Enterprise because of unassigned error. It is black letter law in Texas that the party

challenging a trial court's judgment or order has the duty to challenge all potential grounds that would sustain the judgment or order. Here, the trial court unequivocally granted summary judgment for Enterprise on its traditional and no-evidence motions for summary judgment (4 C.R. 1013). On appeal, Appellants presented six discreet and specific issues (Appellants' Br. at 6). None of these issues presents purported error with regard to the trial court's grant of Enterprise's no-evidence motion for summary judgment (Appellants' Br. at 6). Appellants also neglect to brief Enterprise's no-evidence grounds in their argument section. Accordingly, Appellants waived those issues on appeal, and this Court should have summarily affirmed the trial court's grant of summary judgment for Enterprise based upon unassigned error.

This Court stated in footnote 16: "Every issue raised in Enterprise's Traditional and No-Evidence Motion for Summary Judgment has been addressed and refuted." That is the sum of this Court's analysis of Enterprise's second waiver issue. The Court's analysis is contrary to the rule that an appellate court must address every issue raised and necessary to final disposition of the appeal. *See* Tex. R. App. P. 47.1. *See also State Bar of Texas v. Evans*, 774 S.W.2d 656, 658-59 n. 6 (Tex. 1989). Enterprise respectfully requests the Court to review the Appellants' briefing and identify where Enterprise's no-evidence motion for summary judgment was mentioned in a point of error (issue) or in the argument.

6

Further, Enterprise requests that this Court find that Appellants waived their appeal as against Enterprise by failing to adequately challenge Enterprise's grounds for summary judgment on appeal.

**D.     Incorporation Of Other Appellees' Motions For Rehearing**

Pursuant to Texas Rule of Appellate Procedure 9.7, Enterprise adopts and incorporates by reference the issues, arguments, case law, and evidence set forth and referenced in any other Appellees' motion for rehearing as if fully set forth herein.

### III. CONCLUSION

Accordingly, Appellee Enterprise Texas Pipeline LLC requests that this Court grant this Motion for Rehearing and requests that this Court affirm the trial court's summary judgment in all things as to Enterprise, and requests that this Court award any and all other relief to which it is entitled in either law or equity.

Respectfully submitted,

**WINSTEAD PC**

/s/ David F. Johnson
David F. Johnson
State Bar No. 24002357
dfjohnson@winstead.com
Joseph P. Regan
State Bar No. 24037343
jregan@winstead.com
777 Main Street, Suite 1100
Fort Worth, Texas 76102
(817) 420-8200 – Telephone
(817) 420-8201 – Facsimile

**ATTORNEYS FOR APPELLEE
ENTERPRISE TEXAS PIPELINE LLC**

8

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(4), I hereby certify that the above styled document contains 1,679 words. Counsel is relying on a word count computer program used to prepare the document. Appellees have filed a motion for permission to extend the word count limits.


/s/ David F. Johnson
David F. Johnson

## CERTIFICATE OF FILING AND SERVICE

The undersigned hereby certifies that on the 29th day of June, 2015, a true and correct copy of the foregoing is being electronically filed with the Seventh Court of Texas and served via electronic service on all parties or their attorneys of record listed below pursuant to the Texas Rules of Appellate Procedure:

Kirk Claunch
James D. Piel
Jim Claunch
The Claunch Law Firm
2912 West Sixth Street
Fort Worth, TX  76107
*Attorneys for Appellants*

Roger C. Diseker
Bart A. Rue
Clark H. Rucker
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, TX  76102
*Attorneys for Appellee Texas
Midstream Gas Services, L.L.C.*

Andrew Szygenda
Thomas F. Lillard
Robert K. Wise
Lillard Wise Szygenda, PLLC
5949 Sherry Lane, Suite 1255
Dallas, TX  75225
*Attorneys for Appellee Energy
Transfer Fuel, L.P.*

Karen S. Precella
Haynes & Boone, LLP
201 Main Street, Suite 2200
Fort Worth, TX  76102
*Attorneys for Appellee Enbridge
Gathering (North Texas), L.P.*

Samara L. Kline
Jonathan B. Rubenstein
Hunter Allen
Carlos Romo
Baker Botts, L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX  75201
*Attorneys for Appellee Atmos
Energy Corporation*

/s/ David F. Johnson
One of Counsel