# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00006-CV

**TemPay, Inc. and Mastery Staffing LLC d/b/a Staff Masters; and
Arter & Hadden LLP, Appellants**

**v.**

**TNT Concrete & Construction, Inc., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. 99-01629, HONORABLE ERNEST C. GARCIA, JUDGE PRESIDING

Appellants TemPay, Inc. and Mastery Staffing LLC doing business as Staffmasters (together "TemPay") appeal from the district court's summary judgment in favor of appellee, TNT Concrete & Construction, Inc. ("TNT Inc."). Appellant Arter & Hadden LLP ("Arter & Hadden"), the law firm representing TemPay throughout the district-court proceedings, appeals the district court's award of sanctions in favor of TNT Inc. We will reverse the district court's summary judgment and award of sanctions and remand the case to that court for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Between February 26 and October 21, 1998, TemPay provided financing, payroll, and employment services to TNT Concrete Services & Construction ("TNT Concrete"), an unincorporated entity. Tommy Tyson was the president of TNT Concrete and Alice Perez acted as office manager. TNT Concrete failed to pay TemPay for services provided to TNT Concrete.

In November 1998, TNT Inc. was incorporated with Alice Perez as its president. Tommy Tyson is an employee of TNT Inc.

In February 1999, TemPay sued *TNT Inc.* for recovery on its unpaid account originally established with *TNT Concrete.*[1] In April, Perez signed and filed a general denial on behalf of TNT Inc. TemPay excepted to the answer on the basis that Perez was not a lawyer and thus could not answer on TNT Inc.'s behalf. TNT Inc. obtained counsel, who answered for the corporation on July 1. In the meantime, TemPay served discovery requests on TNT Inc. in late June. The requests included a notice of deposition instructing TNT Inc. to designate an individual to testify regarding *TNT Inc.'s* dealings with Mastery Staffing.[2] The discovery requests made no mention of *TNT Concrete.* The deposition was requested for July 29. In a letter dated July 23 from TNT Inc.'s attorneys to Arter & Hadden, TNT Inc. denied any dealings with TemPay, stating:

---

[1]     TemPay's suit also asserted claims for breach of contract, *quantum meruit*, unjust enrichment, "promissory estoppel," and "restitution" and sought attorney's fees and interest.

[2]     The instructions read:

> Pursuant to Texas Rule of Civil Procedure 199, *TNT Concrete & Construction, Inc. ("the Deponent")* is to designate one or more individuals to testify on its behalf concerning the following matters: (1) all discussions between representatives of the *Deponent* and Mastery Staffing concerning the temporary employees and/or payroll services provided to *TNT Concrete & Construction, Inc.* by Mastery Staffing; (2) the terms and conditions of *Deponent's* agreement with Mastery Staffing for temporary employees and/or payroll services; (3) the identity of all documents pertaining to temporary employees and/or payroll services provided to *TNT Concrete & Construction, Inc.* by Mastery Staffing, and; (4) the open account on which Mastery Staffing provided temporary employees and/or payroll services to *TNT Concrete & Construction, Inc.*

(Emphasis added.)

2

> We have no records of any kind that would reflect any business done between TNT [Inc.] and [TemPay], and we challenge you to produce a single invoice, a single contract, or a single correspondence between TNT [Inc.] and [TemPay] concerning anything. Rather, [TemPay] apparently did business with a man named Tommy Tyson, who did business under the name "TNT Services."

On July 27, TNT Inc.'s attorneys again wrote Arter & Hadden, responding to the June discovery requests.[3] The letter reflected TNT Inc.'s intention not to produce a witness for the previously noticed deposition:

> You will note that, since there has never been any agreement or relationship of any kind between your client, Mastery Staffing, and the Defendant, TNT Concrete & Construction, Inc., we are unable to designate any witnesses with any knowledge of such an agreement or such a relationship for the deposition scheduled for this Thursday. As such, we will not be appearing at that deposition.

On August 27, TemPay filed a motion to compel the appearance of a TNT Inc. representative for deposition on September 23. *See* Tex. R. Civ. P. 215.1(b)(2)(A). In its motion, TemPay asserted that it provided services to TNT Concrete and theorized that TNT Inc. "was created as a scheme to avoid debts such as the one owed to [TemPay]." To support its theory, TemPay alleged that TNT Inc. is managed by the same "corporate leadership" as TNT Concrete and both entities have the same address, phone number, fax number, logo, and, with a slight exception, the same letterhead. TNT Inc. was created within a few days after TemPay ceased to provide services

---

[3] The letter indicates that it was accompanied by responses to (1) interrogatories, (2) requests for admissions, production of documents, and "disclosure," and (3) a notice of deposition. The record before this Court does not contain the interrogatories, requests for admissions, or request for "disclosure," nor does it contain any responses thereto. The only discovery requests and responses in the record are for the oral deposition of TNT Inc.'s representative and the production of documents.

to TNT Concrete. TemPay further alleged that TNT Inc. was assuming the assets, but not the liabilities, of TNT Concrete. As justification for compelling the requested deposition, TemPay concluded, "Given the foregoing background information, [TemPay] noticed the deposition of TNT [Inc.]'s corporate representative to learn more about the relationship between these two companies."[4]

On September 7, TNT Inc. responded, urging the court to deny TemPay's motion and seeking a protective order barring the deposition. At the same time, TNT Inc. filed a no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a(i). TNT Inc. obtained an October 7 hearing date for its motion.

TemPay responded to TNT Inc.'s motion and requested a continuance of the summary-judgment hearing on the basis that TNT Inc. "has failed to allow adequate time for discovery." TemPay's motion for continuance posited that

> a genuine issue of material fact exists as to whether TNT [Inc.]'s agreement with [TNT Concrete] included an assumption of liabilities, as well as a purchase of the TNT [Concrete] assets. If the necessary discovery in this case reveals facts that show TNT [Inc.] assumed the liabilities of the predecessor TNT entity, a genuine issue of material fact would exist, precluding TNT's untimely summary judgment. Accordingly, this Court should continue this no-evidence summary judgment motion and allow these and other fact issues to be more fully discovered.[5]

---

[4] Attached to the motion is an unsigned "Fiat" that indicates that TemPay may have requested that the motion be heard on September 16.

[5] Attached to the motion for continuance is an unsigned "Fiat" that indicates that TemPay may have requested that the motion be heard on October 7.

(Footnote added.)  The district court held a hearing on TNT Inc.'s motion for summary judgment on October 7, as requested, and granted the motion by order signed November 5.[6]

TemPay filed a motion for new trial; TNT Inc. subsequently filed a motion for sanctions against Arter & Hadden for filing a frivolous lawsuit.  *See* Tex. R. Civ. P. 320; Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (West Supp. 2001).  The district court denied the motion for new trial and ordered sanctions against Arter & Hadden.

By three issues, TemPay appeals the district court's grant of summary judgment and denial of TemPay's motion for new trial.  Arter & Hadden appeals the district court's award of sanctions.

## DISCUSSION

### *Summary Judgment*

By its first issue, TemPay asserts five grounds on which it urges this Court to reverse the district court's summary judgment.  Two of those grounds draw our attention to alleged error by the district court in denying TemPay's motion for continuance.  TemPay sought a continuance of the no-evidence summary-judgment hearing because an adequate time for discovery had not elapsed, *see* Tex. R. Civ. P. 166a(i), and requested sufficient time "to secure discovery responses from TNT Inc. which it required to defeat TNT Inc.'s no-evidence motion."  When a party contends that it has not had an adequate opportunity for discovery before a summary-judgment hearing, it must file either an

---

[6]   The record does not specifically reflect that the district court either heard or disposed of TemPay's motion for continuance.  However, the November 5 order granting TNT Inc.'s motion for summary judgment contains a "Mother Hubbard" clause specifically denying all relief not granted in the order.  *See Mafrige v. Ross*, 866 S.W.2d 590, 590 n.1 (Tex. 1993) ("A Mother Hubbard clause generally recites that all relief not expressly granted is denied.").

affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). By filing a verified motion for continuance, TemPay preserved its objection to the summary judgment.

TemPay's motion for continuance was filed "on the grounds that TNT [Inc.] has not allowed adequate time for discovery, as expressly required under Texas Rule of Civil Procedure 166(a)" and, more specifically, based on its entitlement to take the deposition of TNT Inc.'s corporate representative. TemPay clearly laid out the basis for its motion for continuance—TemPay found the circumstances surrounding the creation of TNT Inc. suspicious and, if given more time, would attempt to discover information about the incorporation of TNT Inc. and its relationship and dealings with TNT Concrete.

Granting or denying a motion for continuance is in the discretion of the trial court; thus, a trial court's ultimate decision in this regard is reviewed under an abuse-of-discretion standard. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). A trial court abuses its discretion only when it acts in an unreasonable and arbitrary manner, or when it acts without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). This Court may not reverse a trial court's ruling for an abuse of discretion merely because we may disagree with that decision. *Buller*, 806 S.W.2d at 226; *Downer*, 701 S.W.2d at 242.

Although appellate courts are properly hesitant to hold that a trial court abused its discretion, we are mindful that the "ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984). Indeed, the United States Supreme Court has noted that modern

6

discovery and pretrial procedures serve the useful purpose of "[making] a trial less a game of blindman's bluff and more a fair contest with basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

Further, the function of summary judgment is not the deprivation of a party's right to a full hearing on the merits of any real issue of fact, but rather to "eliminate patently unmeritorious claims and untenable defenses." *Casso v. Brand*, 776 S.W.2d 551, 555 (Tex. 1989) (quoting *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979)); *accord Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex. 1972); *Gulbenkian v. Penn*, 252 S.W.2d 929, 931 (Tex. 1952). Although the Texas Supreme Court's focus in amending the rules of civil procedure to provide for no-evidence summary judgments was judicial economy, it balanced that goal with the safeguard that nonmovants be entitled to an "adequate time for discovery." *See* Thomas R. Phillips, *Texas Supreme Court Update*, 60 Tex. B.J. 858, 861 (1997). Chief Justice Phillips noted, "Much erroneous information about the operation and effects of the new rule [166a(i)] has been bandied about in the legal press and at continuing legal education seminars . . . . The bench and bar should note that the burden will never shift to the non-movant to establish a fact issue until there has been an adequate opportunity for discovery . . . ." *Id.* Rule 166a(i)'s threshold encompasses an adequate time and *opportunity* for discovery.

In *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex. App.–Austin 1998, no pet.) we held that when a no-evidence motion for summary judgment is filed, the burden of raising a genuine issue of material fact is on the nonmovant. However, we left for another day the issue of defining an "adequate time for discovery" to be observed before such a motion may be considered. *Id.* at 71 n.2. This case brings us to that day. TNT Inc. argues that TemPay has produced no

7

evidence of any agreement, contract, or account between them. TemPay responds that it has not had adequate time to complete discovery. Issue is thus joined over *Jackson*'s open question, defining "adequate." *See id.*

Whether a nonmovant has had an adequate time for discovery for purposes of Rule 166a(i) is "case specific." *McClure v. Attebury*, 20 S.W.3d 722, 729 (Tex. App.–Amarillo 1999, no pet.).[7] Although some lawsuits that present only questions of law may require no or minimal discovery, other actions may require extensive discovery. *Id.* An adequate time for discovery is determined by the nature of the cause of action, the nature of the evidence necessary to controvert the no-evidence motion, and the length of time the case has been active in the trial court. *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.-Houston [14th Dist.] 2000,pet. denied). A court may also look to factors such as the amount of time the no-evidence motion has been on file and the amount of discovery that has already taken place.[8] *Id.* Furthermore, a party should not be able to abuse the discovery process, withhold key evidence from its opponents, and then use that lack of evidence to win a judgment. *Id.* (citing Robert W. Clore, *Texas Rule of Civil Procedure 166a(i): A New Weapon for Texas Defendants*, 29 St. Mary's L.J. 813, 843 (1998) (asserting that a plaintiff

---

[7] The drafters of rule 166a(i) anticipated that a "discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary." Tex. R. Civ. P. 166a(i), cmt. (comment to 1997 change). In the case before us, the district court did not order a discovery period.

[8] Two other factors were noted by the court of appeals: whether the movant has requested stricter time deadlines for discovery and whether the discovery deadlines in place are specific or vague. *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.–Houston [14th Dist.] 2000, pet. denied). In this case, the district court did not set any discovery deadlines.

"who could show the defendant delayed discovery by failing to answer the plaintiff's interrogatories would likely be entitled to further discovery.")).

TemPay requested the deposition of a corporate representative of TNT Inc. before TNT Inc. had joined issue with an adequate answer and before an attorney had appeared on TNT Inc.'s behalf. Within a month, TNT Inc. refused to participate in the requested deposition. During the next month, TemPay moved to compel the deposition. TNT Inc.'s response was to seek a protective order barring the deposition and to move for summary judgment on the ground that TemPay had produced no evidence of TNT Inc.'s liability. TemPay at once requested a continuance of the summary-judgment hearing in order to complete discovery. The district court proceeded with the hearing and granted TNT Inc.'s motion. From the time TNT Inc.'s answer was filed until the district court granted TNT Inc.'s motion, TNT Inc. successfully resisted TemPay's continuous attempts to obtain the deposition of a corporate representative of TNT Inc.

Contained in the record is a September 2, 1999 letter from TNT Inc.'s attorneys to those of TemPay that states:

> I am in receipt of the Motion to Compel that you filed, and want to confirm our conversation of last Friday, August 27, 1999, in which I offered to make the *individual employee or employees of my client with whom your client actually did business* available for deposition. I also suggested that you change the categories in your request to pertain to information that my client might actually know something about. You summarily refused these offers, indicating that you for some inexplicable reason "don't want to do that".

(Emphasis added.) TNT Inc. argues that this indicates its willingness to provide a deponent and TemPay's continued persistence in suing the wrong party. TemPay has not responded to these allegations. To the extent that the letter has relevance to the issues before us, we hold that it is insufficient to show that TemPay was afforded an adequate opportunity for discovery. If there in fact

9

is a corporate representative or employee of TNT Inc. "with whom [TemPay] actually did business," we see no reason why that person could not have been made available in response to TemPay's original request. We further note that the "offer" of a corporate representative came only after TemPay had sought an order of the district court compelling the production of such a witness and, within a few days, TNT Inc. moved for a protective order to prevent TemPay's requested deposition altogether.

Under these particular circumstances, TemPay has not been provided an adequate opportunity to conduct discovery. We hold that the district court abused his discretion in failing to grant TemPay's motion for continuance and, therefore, we sustain TemPay's first issue.[9]

*Sanctions*

By three issues, Arter & Hadden appeals the district court's assessment of sanctions against it. The district court's sanctions order is premised on the court's acceptance of TNT Inc.'s assertions that TemPay had sued the wrong party and that TNT Inc. had, by the September 2, 1999 letter, "offered to make the proper parties available" for deposition.

Because we have held that TemPay should be allowed additional time within which to complete discovery, we vacate the district court's sanctions order without prejudice to the right of TNT Inc. to reurge its motion for sanctions when discovery is completed.

---

[9] Having sustained TemPay's first issue on appeal, we need not address its remaining two issues. *See* Tex. R. App. P. 47.1 (written opinion to be as brief as practicable).

**CONCLUSION**

We reverse the district court's summary judgment, vacate the order for sanctions, and remand this case to the district court for further proceedings not inconsistent with this opinion.

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Powers[*]

Reversed and Remanded

Filed: January 25, 2001

Publish

[*] Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

11