Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-07-00342-CV

Kristofer Thomas **KASTNER**,
Appellant

v.

**MARTIN & DROUGHT, INC.** f/k/a Martin, Drought & Torres, Inc.;
Gerald T. Drought and Dain A. Dreyer,
Appelles

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-13335
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  February 4, 2009

AFFIRMED

This appeal arises out of a legal malpractice and breach of fiduciary duty case brought by

Appellant Kristofer Thomas Kastner.  The trial court granted a no-evidence summary judgment

motion in favor of Appellees Martin & Drought, Inc. f/k/a Martin, Drought & Torres, Inc., Gerald T.

Drought, and Dain A. Dreyer (the Attorneys).  Kastner alleges the Attorneys committed malpractice

and breached their fiduciary duty in representing Kastner before the Texas Board of Legal Examiners

(TBLE) seeking reconsideration of Kastner's application for admission to the Texas Bar. We affirm the judgment of the trial court.

## FACTUAL BACKGROUND

After attending law school at St. Mary's University School of Law and Northwestern School of Law of Lewis & Clark College in the late 1990s, Kastner applied for admittance to the State Bar of Texas. Because of his criminal history and chemical dependency, the TBLE determined that Kastner was not fit for admission to the Texas Bar.

After a hearing in November 1999 on Kastner's motion to reconsider his application, the TBLE issued an order confirming its prior decision. The order included findings regarding Kastner's lack of respect for the law. Specifically, the TBLE found that Kastner: (1) pled guilty in 1990 to a Class C felony assault in Missouri; (2) pled guilty in 1993 to a DWI in Missouri; and (3) was charged in 1998 with resisting arrest and pled guilty to the lesser charge of disorderly conduct in Bexar County, Texas. The order cited, as evidence of his dishonesty or lack of trustworthiness in fulfilling responsibilities, Kastner's failure to disclose this criminal history on his applications to the two law schools. Finally, the order contained findings that Kastner previously suffered from, and recently suffered a relapse of, a chemical dependency. The order also provided that Kastner could petition for redetermination of his character and fitness as early as July 2001 and listed curative measures that would be considered. Kastner alleges the Attorneys committed malpractice and breached their fiduciary duty in representing Kastner before the TBLE regarding the 1999 reconsideration of his application.

In August 2006, Kastner sued the Attorneys for legal malpractice and breach of fiduciary duty alleging: (1) Appellee Gerald T. Drought withdrew from the case just before the TBLE hearing and turned the matter over to Appellee Dain A. Dreyer, a less experienced attorney with Drought's firm; (2) Dreyer did not properly prepare for the hearing, did not properly present Kastner's case to the TBLE, and failed to request the TBLE grant Kastner a probationary license; and (3) the Attorneys failed to hire a legal specialist to assist with the TBLE hearing and failed to recommend an appeal.

After Kastner's expert designation deadline passed, the Attorneys filed a no-evidence summary judgment motion on Kastner's professional negligence and breach of fiduciary duty claims. The Attorneys argued that Kastner had no evidence of the breach of duty and causation elements of his claims because he failed to designate an expert. Additionally, the Attorneys asserted that Kastner's lawsuit was time-barred on its face, because he filed suit more than six years after his claim accrued.

Kastner filed a voluminous response in which he argued, among other things, that the Attorneys' errors were so obvious that no expert was necessary. He also sought a continuance of the summary judgment hearing to allow for further discovery. The trial court denied Kastner's motion for continuance, sustained the Attorneys' objections to Kastner's summary judgment evidence, and granted summary judgment for the Attorneys. This appeal followed.

## MOTION FOR CONTINUANCE

A trial court's decision to deny a continuance of a summary judgment hearing is reviewed on a case-by-case basis for a clear abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). "A trial court abuses its discretion when it reaches a decision so arbitrary and

unreasonable as to amount to a clear and prejudicial error of law." *Id.*; *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A trial court may continue a summary judgment hearing "if it appear[s] from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." TEX. R. CIV. P. 166a(g). In *Joe*, the Texas Supreme Court set forth several nonexclusive factors to consider when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery prior to a summary judgment hearing:

(1)     the length of time the case has been on file;
(2)     the materiality and purpose of the discovery sought; and
(3)     whether the party seeking the continuance has exercised due diligence to obtain the discovery sought.

*Joe*, 145 S.W.3d at 161 (collecting cases); *see also Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied).

"An adequate time for discovery is determined by the nature of the cause of action, the nature of the evidence necessary to controvert the no-evidence motion, and the length of time the case has been active in the trial court." *Tempay, Inc. v. TNT Concrete & Constr., Inc.*, 37 S.W.3d 517, 522 (Tex. App.—Austin 2001, pet. denied) (citing *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)). Some lawsuits involve few or no factual disputes and turn on questions of law, while others may involve extensive discovery. *Id.*; *McClure v. Attebury*, 20 S.W.3d 722, 729 (Tex. App.—Amarillo 1999, no pet.). A trial court is not prohibited from granting a no-evidence summary judgment motion prior to the expiration of the discovery period applicable to a given case. *Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 340 (Tex.

App.—Dallas 2002, no pet.) ("[T]he rules do not mandate a minimum period of time a case must be pending before a motion may be filed, as long as there was adequate time for discovery.").

Accordingly, we apply the *Joe* factors to the present case:

(1) the suit had been on file for nearly eight months at the time of the summary judgment hearing;

(2) the dispositive issue was essentially a legal one—although Kastner does not dispute that he was aware of the expert deadline, he contended the depositions of Drought and Dreyer were necessary to establish causation and duty, yet failed to provide an adequate explanation as to why this expert testimony was required to establish these elements; and

(3) Kastner's explanation regarding his delay in obtaining these depositions focused on his desire to have responses to his requests for admission prior to taking the depositions; yet, Kastner failed to propound additional requests for admission after the trial court quashed his first set, which contained 983 requests for admission.

*See Joe*, 145 S.W.3d at 162. Accordingly, the trial court could reasonably conclude that Kastner failed to use due diligence in conducting discovery and thus did not abuse its discretion in denying Kastner's motion for continuance.

NO-EVIDENCE SUMMARY JUDGMENT

**A.       Standard of Review**

We review a no-evidence summary judgment de novo. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). When a party moves for summary judgment under Rule 166a(i) asserting that no evidence exists as to one or more elements of a claim on which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present more than a scintilla of probative evidence to raise a genuine issue of material fact on each of the challenged elements. TEX. R. CIV. P. 166a(i); *Reynosa*

*v. Huff*, 21 S.W.3d 510, 512 (Tex. App.—San Antonio 2000, no pet.). If the nonmovant fails to do so, the trial judge must grant the motion. *See Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). We construe the record in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Havner*, 953 S.W.2d at 711. "More than a scintilla of evidence exists when [it] 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Havner*, 953 S.W.2d at 711).

## B.    Statute of Limitations

The Attorneys sought a no-evidence summary judgment on the ground that Kastner had no evidence of any facts or circumstances that would have caused the applicable statute of limitations on his claims to be tolled. Kastner responded that the discovery rule precluded summary judgment based on the two year statute of limitations for a legal malpractice claim. *Nowak v. Pellis*, 248 S.W.3d 736, 739 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (discussing the equitable tolling rule). The statute of limitations on a claim for breach of fiduciary duty is four years, *Willis v. Donnelly*, 199 S.W.3d 262, 278 n.33 (Tex. 2006), and the statute of limitations on professional negligence claims against lawyers is two years. *Parsons v. Turley*, 109 S.W.3d 804, 807–08 (Tex. App.—Dallas 2003, pet. denied). According to the facts in Kastner's pleadings, Kastner filed suit six years after the TBLE hearing and decision, several years beyond the four-year statute for breach of fiduciary duty and the two-year statute for professional negligence.

Limitations is an affirmative defense on which the Attorneys had the burden of proof. *See* TEX. R. CIV. P. 94. The time for accrual of a claim is a question of law. *Moreno v. Sterling Drug,*

*Inc*., 787 S.W.2d 348, 351 (Tex. 1990). The "discovery rule," however, defers the accrual of a claim until the plaintiff knew or, in the exercise of reasonable diligence, should have known of the wrongfully caused injury. *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 735 (Tex. 2001). The claim accrues when the plaintiff discovers or, in the exercise of reasonable diligence, should discover the "nature of his injury." *Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex. 1998). "[T]he discovery rule does not linger until a claimant learns of actual causes and possible cures. . . . [I]t tolls limitations only until a claimant learns of a wrongful injury." *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93 (Tex. 2004).

When a defendant moves for summary judgment on the affirmative defense of limitations, the defendant assumes the burden of showing, as a matter of law, that the lawsuit is time barred. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996). Thus, "the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule." *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp*., 988 S.W.2d 746, 748 (Tex. 1999).

The Attorneys, therefore, bore the burden not only to plead limitations, but also to prove that Kastner knew or should have known the facts establishing his claim more than two years before his original petition was filed. *See Woods v. William M. Mercer, Inc*., 769 S.W.2d 515, 517–18 (Tex. 1988) (stating that limitations is an affirmative defense that must be proven by the asserting party). Kastner's pleadings establish that Kastner knew of the facts of his claim more than two years before he filed suit. *See Judwin Props., Inc. v. Griggs & Harrison*, 911 S.W.2d 498, 504 (Tex. App.—Houston [1st Dist.] 1995), *pet. denied*, 11 S.W.3d 188 (Tex. 2000) (per curiam) ("Pleadings may be used as summary judgment evidence when they contain statements rising to the level of

admitting a fact or conclusion which is directly adverse to that party's theory or defense of recovery."). Kastner's petition notes that the TBLE issued its order on January 3, 2000, and he was aware of the decision. More specifically, Kastner's petition sets forth a very detailed account of the events occurring in 2000, including Drought's failure to attend the hearing, Dreyer's lack of preparation, and Dreyer's inaction during the hearing. Thus, by issuance of the order and Kastner's attendance at the hearing, Kastner knew or should have known the facts establishing his claim in 2000. Yet, Kastner did not file this lawsuit until August 20, 2006.[1] Accordingly, the trial court properly granted the Attorneys' motion for summary judgment based on Kastner's failure to present more than a scintilla of evidence that would have caused the applicable statute of limitations to be tolled. Even if the suit was not barred by the statute of limitations, the trial court's grant of summary judgment was proper in light of Kastner's failure to provide expert testimony.

## C.     Legal Malpractice

The Attorneys also sought summary judgment based on the lack of expert testimony to support the standard of care or causation elements of Kastner's malpractice claims. Kastner responds that "breach of fiduciary duty can be viewed as a breach of a standard of conduct rather than a malpractice" case. We disagree. The gist of Kastner's complaint is based in legal malpractice, that being the negligent actions, specifically errors and omissions of the Attorneys. Legal malpractice actions are governed by negligence principles. *Barcelo v. Elliott*, 923 S.W.2d 575, 579 (Tex. 1996). To establish a claim of legal malpractice, Kastner was required to show that the Attorneys owed him

---

[1] As part of his response to the Attorney's motion for summary judgment, Kastner filed an affidavit asserting that he was not aware of the mistakes surrounding the TBLE order until April 2005 primarily due to health issues. This affidavit, however, was not admitted by the trial court. Therefore, there was no evidence refuting the facts alleged in Kastner's pleading.

a duty, that the Attorneys breached that duty, and that the breach proximately caused injury and damages to Kastner. *Longaker v. Evans*, 32 S.W.3d 725, 735 (Tex. App.—San Antonio 2000, pet. withdrawn). Attorneys are held to the standard of care that a reasonably prudent attorney would exercise, and expert testimony is needed to demonstrate that standard of skill. *Id.*; *Hall v. Rutherford*, 911 S.W.2d 422, 424 (Tex. App.—San Antonio 1995, writ denied).

This case is analogous to *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113 (Tex. 2004), wherein the plaintiff alleged that he hired an attorney to represent him in an adversary proceeding in bankruptcy court, but that a less experienced attorney, with the same firm, appeared at the bankruptcy court proceeding. *Id*. at 116. The plaintiff asserted, as Kastner does here, that the less-experienced attorney did not properly prepare for or try the case. *See id*. at 116-17. The supreme court recognized that a plaintiff may base a legal malpractice claim on an attorney's failure to exercise ordinary care in preparing for and trying litigation. *Id.* at 119. In such a case, the standard of care and the causal connection between a breach of that standard and the plaintiff's alleged damages is beyond the knowledge of jurors and requires expert testimony. *See id.* ("[T]actical choices made during litigation are generally beyond the ken of most jurors."). Because the plaintiff presented no expert testimony establishing a causal link between the alleged malpractice and the plaintiff's injuries, the supreme court reinstated a directed verdict for the attorney. *Id.* at 120.

Kastner claims that the Attorneys made tactical errors in presenting his case to the TBLE. His allegations necessarily call for consideration of whether the Attorneys' manner of preparing for and trying the TBLE proceeding amounted to professional negligence and whether, had the Attorneys made decisions within the standard of care, the result would have been different. Because Kastner's

professional negligence claim required expert testimony and he presented none, summary judgment for the Attorneys was proper.

**D.      Breach of Fiduciary Duty**

Kastner asserts that the same facts that formed the basis of his negligence claim also formed the basis of his breach of fiduciary duty claim.  The Attorneys, on the other hand, argue that Kastner failed to allege an improper benefit to the Attorneys and thus failed to show a breach of fiduciary duty.  "The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant;" (2) breach of the fiduciary duty; and (3) a causal connection between the breach and either "injury to the plaintiff or benefit to the defendant."  *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied).  The lawyer-client relationship imposes fiduciary duties on the lawyer as a matter of law.  *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005) (citation omitted).  The focus of a breach of fiduciary duty claim against an attorney is whether the attorney obtained an improper benefit from representing the client, such as "failure to deliver funds belonging to the client, improper use of client confidences, or engaging in self-dealing."  *Aiken v. Hancock*, 115 S.W.3d 26, 28 (Tex. App.—San Antonio 2003, pet. denied).

The same factual allegations that supported Kastner's negligence claims also form the basis for his breach of fiduciary duty cause of action.  Assuming Kastner could maintain a breach of fiduciary claim apart from his malpractice action,[2] expert testimony was still necessary on the breach of duty and causation elements for this claim, just as in his professional negligence cause of action.

---

[2]▲  Several Texas cases indicate that a plaintiff cannot recast a legal malpractice claim as a breach of fiduciary duty claim in order to avoid the two-year statute of limitations. *See, e.g.*, *Murphy v. Gruber*, 241 S.W.3d 689, 693–94 (Tex. App.—Dallas 2007, pet. denied) (collecting cases and stating: "Texas courts do not allow plaintiffs to convert what are really negligence claims into claims for fraud, breach of contract, breach of fiduciary duty, or violation of the DTPA.").  The Attorneys do not raise such an argument in this appeal.

*See, e.g.*, *Arce v. Burrow*, 958 S.W.2d 239, 252 (Tex. App.—Houston [14th Dist.] 1997), *aff'd in part*, *rev'd in part on other grounds*, 997 S.W.2d 229 (Tex. 1999). Once again, because Kastner had no expert testimony on his breach of fiduciary duty claim, summary judgment was proper.

## CONCLUSION

The trial court did not abuse its discretion in denying Kastner's motion for continuance of the summary judgment hearing because the discovery sought by Kastner was not material to the elements of duty and causation and Kastner failed to use due diligence in conducting requested discovery. Additionally, because Kastner failed to present expert testimony on his claims for professional negligence and breach of fiduciary duty, the trial court properly granted summary judgment for the Attorneys. Accordingly, we affirm the judgment of the trial court.

Rebecca Simmons, Justice