# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00671-CV

**Stephen M. Daniels, Appellant**

**v.**

**Tony R. Bertolino, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
## NO. D-1-GN-14-002146, HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Stephen M. Daniels brings this appeal from a no-evidence summary judgment granted in favor of Tony R. Bertolino following Daniels's unsuccessful pro se claims against Bertolino for legal malpractice and deceptive trade practices. We will affirm the trial court's judgment.

## BACKGROUND

Daniels loaned money to a friend, apparently without any paperwork to support or enforce the terms of the loan. When the borrower-friend defaulted on the loan, Daniels filed suit pro se against her in a Bexar County justice court and lost. Daniels then hired a San Antonio lawyer to appeal the justice court's decision to the county court at law. That effort was initially successful, and the lawyer obtained a default judgment against the borrower. However, the default judgment was set aside following the borrower's successful motion for new trial.

The San Antonio lawyer withdrew from the case with the trial court's permission, and Daniels proceeded to trial against the borrower in the county court at law, again acting pro se and again losing. Believing that his San Antonio lawyer had wrongfully agreed to the borrower's motion for new trial, Daniels hired Bertolino to sue the San Antonio lawyer for malpractice. Bertolino's efforts failed, and Daniels decided to sue him next, again proceeding pro se.

On December 3, 2013, Daniels sued Bertolino in a Bexar County district court for "common law fraud under the Deceptive Trade Practices Act," as well as "Fraudulent Inducement, Deceptive Acts, and Unconscionable Acts" and seeking damages under a claim of "Quantum Merit [sic]." Bertolino's motion to transfer venue to Travis County was granted, and Daniels continued to represent himself.

Daniels was active in his pro se representation. By July 2014, he had filed an original petition and a motion for summary judgment supported by his own affidavit. According to one of Bertolino's pleadings, Daniels also filed discovery including interrogatories, a request for admissions, a request for disclosure, and a request for production of documents. On July 10, 2014, Daniels filed a pleading that he named "Plaintiff's Amended Original Petition." This pleading sought relief based only on a Texas Deceptive Trade Practices Act claim, alleging false representation under sections 17.41 and 17.49(c) and failure to disclose information under section 17.46(b)(24). Daniels failed to include any other claim for relief.

In response to the "Amended" petition, Bertolino filed a no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a(i). He argued there was no evidence of five essential elements of a DTPA claim on which Daniels had the burden of proof, asked the trial court to grant summary judgment against Daniels and to "dispose of all parties and claims" in the suit. Daniels

filed a response stating that "evidence supporting the Plaintiff's claims are all filed with the Court," that he did not bring a legal malpractice case but rather "only addresse[d] claims under the Deceptive Trade Practices Act," and that those claims would be further supported with witness testimony. The trial court granted Bertolino's motion and dismissed Daniels's DTPA claims in a signed order specifying that "This judgment finally disposes of all parties and all claims and is therefore final and appealable."

Daniels then filed this appeal, initially continuing his pro se representation, but finally retaining counsel who filed the appellant's brief.

## DISCUSSION

Daniels brings three issues on appeal. He first argues that the trial court's judgment addressed only one of several theories of recovery but wrongfully disposed of all his claims. Next, he argues that the trial court granted the no-evidence summary judgment before there had been an adequate time for discovery. Finally, he urges that even if he is limited to the DTPA claims in his amended petition, he provided sufficient evidence to defeat Bertolino's no-evidence motion. We disagree and will affirm the trial court's judgment.

### Amended or supplemental pleading

Daniels's first issue by necessity turns on one question, raised for the first time on appeal: Did his "Amended" petition replace his original petition, or was it instead a supplemental petition that was merely misnamed?

The Texas Rules of Civil Procedure provide a time-honored process of pleading allowing parties to file "original," "supplemental," and "amended" pleadings seeking

3

relief or providing defenses. *See generally* Tex. R. Civ. P. 45, 46, 62-65, 69. The rules also permit the trial court to correct the title of any plea or pleading that a party has "mistakenly designated if justice so requires." Tex. R. Civ. P. 71 (misnomer of pleading). Under these rules, "supplemental" pleadings are generally responsive to an opponent's last preceding pleading and add to but do not replace the original pleading. Tex. R. Civ. P. 69. The object of an amended pleading, by contrast, is to add something to, or withdraw something from, that which has been previously pleaded. Tex. R. Civ. P. 62. The party amending a pleading must point out the instrument amended and amend by filing a substitute instrument that is entire and complete in itself and indorsed accordingly, for example, as an "amended" original petition. Tex. R. Civ. P. 64. Here, Bertolino's no-evidence motion and the trial court's ruling are clearly based upon a conclusion that the "Amended" petition was in fact an amended petition under the Rules, leaving only DTPA claims to be addressed.[1]

A party may not raise new reasons why a summary judgment should have been denied for the first time on appeal. Tex. R. Civ. P. 166a(c) ("Issue not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979); *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) (noting that litigants who represent themselves must comply with applicable procedural rules, otherwise they would be given

---

[1] We note that Daniels's pleadings support that conclusion. His "Amended" petition states that it is an amendment to his original petition, does not add to his original petition, and deletes previously pled claims except those under the DTPA. And in response to the no-evidence summary judgment seeking to "dispose of all parties and claims" in the suit, Daniels did not argue that his pleading was misnamed but rather indicated that his case only addressed claims under the DTPA.

4

unfair advantage over litigants represented by counsel).  Daniels has not preserved this argument for our review.  *See* Tex. R. App. P. 33.1(a).

**Adequate time for discovery under Rule 166a(i)**

Next, Daniels argues that the trial court abused its discretion by granting Bertolino's no-evidence motion for summary judgment before the parties had adequate time for discovery.

In his response to Bertolino's motion, Daniels made no mention of needing additional time for discovery nor did he file any motion for continuance.[2] *See Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) ("When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance."); *see also* Tex. R. Civ. P. 166a(g) (authorizing court to order continuance in summary judgment context to permit discovery), 166a(i) cmt. (noting as to no-evidence summary judgments that "The existing rules continue to govern the general requirements of summary judgment practice."); *Rad v. Calbeck*, No. 03-10-00429-CV, 2011 Tex. App. LEXIS 10240, at *13 (Tex. App.—Austin Dec. 30, 2011, no pet.) (mem. op.); *Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452, 464 & n.9 (Tex. App.—Austin 2004, pet. denied); *Tempay, Inc. v. TNT Concrete & Constr., Inc.*, 37 S.W.3d 517, 520-21 (Tex. App.—Austin 2001, pet. denied) (noting that appellant's filing of verified motion for continuance preserved its objection that adequate time for discovery had not elapsed); Timothy Patton, *Summary Judgments in Texas: Practice, Procedure and Review* § 5.02[1] (3d ed.

---

[2] Daniels had previously opposed the continuance of a hearing on his motion for summary judgment, stating that "Defendant had substantial time to comply with the Plaintiff's request for discovery and conduct reasonable discovery himself."

2014) ("Absent an objection/motion and competent supporting proof, any complaint by the non-movant regarding the trial court having decided the Rule 166a(i) motion before adequate discovery has been conducted is waived for purposes of appellate review."). Daniels has not preserved this argument for our review. *See* Tex. R. App. P. 33.1(a).

**Sufficiency of evidence in the record to defeat summary judgment**

Daniels finally argues that even if there had been adequate time for discovery, the record contained sufficient evidence to defeat Bertolino's no-evidence motion for summary judgment. However, he is handicapped on appeal by his pro se actions and inaction in the trial court.

Daniels's unsworn response to the motion for summary judgment did not "apprise . . . the court of the issues the non-movant contends should defeat the motion." *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. Daniels did file an affidavit from the defense attorney who successfully represented the San Antonio attorney that Daniels sued for malpractice. This affidavit was highly critical of Bertolino's efforts. But it did not raise any issue of material fact regarding Daniels's DTPA claims before the trial court.

## CONCLUSION

Having determined that the no-evidence summary judgment was properly granted, we affirm the trial court's judgment.[3]

---

[3] Bertolino's motion for sanctions on appeal has been considered by the Court and is denied.

6

_____

Jimmy Carroll, Justice

Before Justices Goodwin, Field, and Carroll*

Affirmed

Filed:   August 12, 2015


*  Before Jimmy Carroll, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

7